UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 6:15-cr-00015-GFVT-MAS-17 |
| ) | Related Civil No. 6:20-cv-00122-GFVT-MAS |
| v. ) | |
| ) | |
| MELISSA OWENS, ) | **MEMORANDUM OPINION** |
| ) | **&** |
| Defendant. ) | **ORDER** |
| ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Recommended Disposition filed by United States Magistrate Judge Matthew A. Stinnett. [R. 1019.] The Defendant, Melissa Owens, has filed a *pro se* motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. [R. 919.] Consistent with local practice, Judge Stinnett reviewed the motion and ultimately recommends that the Court deny Ms. Owens's § 2255 motion in its entirety. [R. 1019 at 15.] For the reasons that follow, Ms. Owens's objections will be OVERRULED and her motion will be DENIED in its entirety.

**I**

On September 22, 2015, Ms. Owens appeared before Magistrate Judge Hanly A. Ingram on an Indictment alleging she participated in an oxycodone distribution conspiracy. [R. 177; R. 246.] On July 27, 2017, before Judge Ingram, Ms. Owens pleaded guilty to Count 2 of the Second Superseding Indictment, conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846. [R. 541.] Judge Ingram specifically found that Ms. Owens consented orally and

in writing to Judge Ingram accepting the plea, and "[t]he consent was knowing, voluntary, and intelligent and occurred with counsel's advice" and was supported by an adequate factual basis. [R. 544 at 1–2.] Judge Ingram also specifically advised Ms. Owens "of all applicable rights, covering the plea agreement (to include a partial waiver of appeal and collateral attack), and assuring Defendant's awareness of the nature of and all potential maximum (and mandatory minimum) penalties applicable to the charge at issue." *Id.* at 2. In paragraph eight of the plea agreement, Ms. Owens "waive[d] the right to appeal the guilty plea and conviction. With the exception of claims of ineffective assistance of counsel, the Defendant waive[d] the right to collaterally attack the guilty plea, conviction, and sentence, including any order of restitution." [R. 543.] At the rearraignment, before accepting Ms. Owens's guilty plea, Judge Ingram reviewed paragraph eight in detail and explained what appeal rights Ms. Owens was retaining and which rights she was giving up. [R. 798 at 49–54.]

At sentencing on March 14, 2017, Ms. Owens, through counsel, argued for a lower sentence, and this specifically included the argument that expunged convictions should not be considered in calculating her criminal history category. [R. 1019 at 2.] Judge Thapar ultimately sentenced Ms. Owens to 120 months of imprisonment, consecutive to any previously imposed state or federal sentence. [R. 747 at 2.] Ms. Owens's Sentencing Guidelines Range was 120 to 125 months of imprisonment. Ms. Owens was represented by appointed defense counsel, Hon. Paul K. Croley, II at all stages of the proceeding.

Ms. Owens appealed her sentence, and she was represented by appointed counsel Hon. Thomas W. Jakuc. [R. 1019 at 2.] Ms. Owens argued on appeal that (1) the district court miscalculated her criminal history by improperly including expunged convictions; (2) the district court miscalculated her criminal history by counting two prior sentences separately instead of as

2

a single sentence; and (3) the district court erred by refusing to apply a minimal or minor role sentence reduction. [R. 853 at 6.] The Sixth Circuit affirmed Ms. Owens's sentence. *Id.*

## II

### A

In Ms. Owens's § 2255 motion, which she filed on June 11, 2020, Ms. Owens asserts the following: (1) four ineffective assistance of counsel claims as to her trial counsel; (2) two ineffective assistance of counsel claims as to her appellate counsel; and (3) several additional arguments that the district court committed errors in imposing her sentence. [R. 919.] On November 12, 2021, Judge Stinnett issued a Recommended Disposition in which he thoroughly considered each of Ms. Owens's claims and determined that Ms. Owens is not entitled to relief.[1] [R. 1019.] In his Recommended Disposition, Judge Stinnett laid out the *Strickland* elements required to prevail on an ineffective assistance of counsel claim under § 2255[2] and then responded to each of Ms. Owens's arguments. *Id.*

### 1

Ms. Owens's first argument against her trial counsel is that he "ill-advised [her] of [her] criminal history being a III (when in fact it was a V), when I took my plea agreement or when I agreed to take it rather." [R. 919 at 6.] Ms. Owens argued that this significantly affected the Guideline range she was facing at sentencing. *Id.* Judge Stinnett first found that it was significant that Ms. Owens does not argue that her plea was not "knowing, intelligent, voluntary, and made with sufficient awareness of the relevant circumstances and likely consequences." [R.

---

[1] Although a court must generally "grant a prompt hearing" for § 2255 motions, Judge Stinnett determined that an evidentiary hearing was not necessary in this case because "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." [R. 1019 at 3 (quoting 28 U.S.C. § 2255(b)).]
[2] To succeed on an ineffective assistance of counsel claim, a defendant must (1) "show that counsel's performance was deficient," and (2) "show that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 689 (1984).

1019 at 5 (quoting *Byars v. Gidley*, 2017 WL 4956919, at *2 (6th Cir. July 3, 2017)).]

Furthermore, Judge Stinnett stated that Ms. Owens could not make such an argument because Judge Ingram thoroughly advised Ms. Owens about the "uncertain nature of her Guidelines range prior to the issuance of the presentence investigation report" at her rearraignment:

> THE COURT: Now, you might have heard some predictions. Mr. Croley just mentioned them, about what your guidelines will be, either from him or from other people. But those are just estimates. And if any estimate you've heard turns out to be wrong, that would not give you the right to withdraw your guilty plea. Do you understand that?
>
> DEFENDANT OWENS: Yes, sir.
>
> THE COURT: What I'm telling you is at this point until a presentence report is completed, it's impossible for anyone to know precisely what the guideline sentence range will be in your case. Do you understand that?
>
> DEFENDANT OWENS: Yes, sir.
>
> THE COURT: The Court has some discretion. So a sentence can be imposed that is more or less severe than that called for by the guidelines. The Court's analysis of all the factors I told you about today will produce a sentence. The guidelines are only one factor in that analysis. If at the time of our sentencing the government seeks a departure or variance or that a particular range applies, Judge Thapar doesn't have to follow that. Do you understand that?
>
> DEFENDANT OWENS: Yes, sir.
>
> THE COURT: So if that happens you would not have the right to withdraw your guilty plea on that basis. Do you understand that, ma'am?
>
> DEFENDANT OWENS: Yes, sir.
>
> [R. 1019 at 5–6 (quoting [R. 798 at 48–49]).]

Judge Stinnett also determined that even if Ms. Owens's attorney had misinformed her about the Guidelines range, Ms. Owens never argued that she would have insisted on going to trial and not pled guilty if she had known her Guidelines range. *Id.* This is important because, as Judge Stinnett states, the prejudice prong of *Strickland* requires a defendant in the guilty plea

4

context to "show that there is a reasonable probability that, but for counsel's errors, [s]he would not have pleaded guilty and would have insisted on going to trial." *Id.* (quoting *Campbell v. United States*, 686 F.3d 353, 357 (6th Cir. 2012)). Therefore, because Ms. Owens failed to satisfy the prejudice prong of *Strickland*, Judge Stinnett recommended that her petition as to this ground be denied.

Ms. Owens's second argument is that her trial attorney should have helped her "in securing proof of [her] expungements," and procured proof of her expungements "in a more professional manner." [R. 919 at 6.] Judge Stinnett was careful to identify and address the specific expungements Ms. Owens was referring to in her motion. [R. 1019 at 6.] However, Judge Stinnett found that the issue was not a failure by Ms. Owens's attorney to bring the expungements to the Probation Office's or the Court's attention. Instead, the issue was that the information pertaining to the expunged convictions "was not sufficient to exclude the expunged convictions from her criminal history score." *Id.* at 7. Judge Stinnett noted that the Sixth Circuit thoroughly explained this exact issue in its opinion affirming Ms. Owens's sentence:

> Under the Guidelines, "expunged convictions are not counted" when calculating a defendant's criminal history score. See U.S.S.G. § 4A1.2(j). But a conviction is considered "expunged" within the meaning of § 4A1.2(j) only if "the adjudication of guilt itself was vacated because of demonstrable innocence or legal error." *Shor*, 549 F.3d at 1078 (citing U.S.S.G. § 4A1.2 cmt. n.10); U.S.S.G. § 4A1.2 cmt. n.10 (stating that sentences set aside "for reasons unrelated to innocence or errors of law ... are to be counted"). Kentucky's expungement procedure does not demand a showing of innocence or legal error, *see* Ky. Rev. Stat. § 431.078, and Owens offered nothing at sentencing to show that such considerations led to the expungements in her case. Once the government proved the existence of the prior convictions by a preponderance of the evidence, *see United States v. Warwick*, 149 F. App'x 464, 467 (6th Cir. 2005), it became Owens's burden to show that the convictions could not be used to determine her criminal history score. *See, e.g.*, *United States v. French*, 974 F.2d 687, 701 (6th Cir. 1992) ("The burden is upon the defendant to prove the invalidity ... of the prior conviction."); *see also United States v. Felix*, 561 F.3d 1036, 1044 (9th Cir. 2009) (refusing to apply U.S.S.G. § 4A1.2(j) where criminal defendant offered no evidence his prior

5

>  conviction was dismissed via the proper procedures). She failed to meet that burden.

*Id.* (quoting *United States v. Sturgill*, 761 F. App'x 578, 582–83 (6th Cir. 2019)). Ms. Owens argues that her trial attorney should have filed motions to have the Probation Office recalculate her criminal history to account for her expunged convictions. [R. 970 at 2.] If he had, Ms. Owens argues, her "criminal history would have been a category IV, rather than a V." *Id.* However, Judge Stinnett noted that Ms. Owens failed to proffer any evidence, or even argue at all "that her expungements were due to a state court finding of actual innocence or errors of law" as required. *Id.* at 8.

As stated above, prior convictions can be expunged in Kentucky without a showing of legal error or innocence, and because of this it is Ms. Owens's burden to show that her convictions were expunged because or legal error or innocence. This, Judge Stinnett states, Ms. Owens has failed to do. Ms. Owens's attorney attempted to obtain information regarding the nature of Ms. Owens's expungements but was unable to determine whether the expungements were due to innocence or legal error. *Id.* Judge Stinnett ultimately determined that this claim failed both *Strickland* prongs because (1) Ms. Owens failed to point to any evidence her trial counsel should have presented demonstrating that her expungements should have been excluded from her criminal history calculation; and (2) Ms. Owens failed to allege that information even exists demonstrating her expungements were because of legal error or innocence. *Id.* at 8–9.

Ms. Owens's third claim is that her trial counsel failed to object to the application of "an 851 enhancement, that is not now/or even at the time mandated." [R. 919 at 6.] Judge Stinnett noted that the § 851 notice was filed because Ms. Owens had "a prior final drug felony conviction for Conspiracy to Possess with the Intent to Distribute and Distribution of Cocaine

Base" imposed in the United States District Court for the Western District of Kentucky on July 12, 2011. [R. 1019 at 9 (citing [R. 471 at 1]).]

Ultimately, Judge Stinnett found that Ms. Owens's "allegations are conclusory and legally meritless" and that Ms. Owens failed to "put forth any grounds counsel should have utilized to object to the § 851 notice—and the Court knows of none." *Id.* Because conclusory statements are "wholly insufficient to raise the issue of ineffective assistance of counsel," Judge Stinnett determined that this ground for relief should fail. *Id.* (quoting *Elzy v. United States*, 205 F.3d 882, 886 (6th Cir. 2000)).

Ms. Owens's fourth claim is that her trial counsel erred by not providing her with the discovery of her co-defendants. [R. 919 at 7.] Ms. Owens argues that her trial counsel only provided her with two pages of discovery "because that's all he said that was directly involved with myself." *Id.* Ms. Owens "felt it was [her] right" to see discovery pertaining to her codefendants. *Id.* Judge Stinnett determined that "the law does not entitle the Defendant to inspect the statements of her codefendants or other uncharged coconspirators unless and until they testify at trial." [R. 1019 at 10 (quoting *Untied States v. Higdon*, 68 F. Supp. 3d 807, 816–17 (E.D. Tenn. 2014)). Ultimately, Judge Stinnett found that Ms. Owens's claim fails to satisfy either *Strickland* prong because Ms. Owens received the discovery that pertained to her, and Ms. Owens cannot demonstrate that the evidence she did not receive had any impact on her case. *Id.*

**2**

Ms. Owens also argues that her appellate counsel erroneously waived oral argument and failed to object to her case being consolidated with that of her codefendants. [R. 919 at 7.] Judge Stinnett found that Ms. Owens failed to demonstrate that her appellate counsel's performance "fell below an objective standard of reasonableness in waiving oral argument"

7

because "[o]nly in limited circumstances…does counsel necessarily render ineffective assistance by acting contrary to his client's wishes," and "[w]aiver of oral argument on appeal is not akin to any of these." [R. 1019 at 10–11 (quoting *Davis v. United States*, 2010 WL 2232411, at *3 (N.D. Ohio May 26, 2010)).] As for Ms. Owens's argument that appellate counsel failed to object to her case being consolidated with her codefendants, Judge Stinnett found that Ms. Owens failed to explain "how the consolidation caused her prejudice," and that she "failed to point to any evidence against her codefendants that was erroneously considered against her." *Id.* at 11. Furthermore, Judge Stinnett noted that "consolidating the appeals of codefendants is a normal practice among appellate courts. *Id.* (citing *United States v. Genoa*, 47 F.3d 1171 (6th Cir. 1995) and *Ortega-Rodriquez v. United States*, 507 U.S. 234, 250 (1993)). Judge Stinnett accordingly recommended that these claims also fail for failure to meet either *Strickland* prong. *Id.*

**3**

Judge Stinnett also addressed Ms. Owens's final arguments that the district court committed errors by (1) miscalculating her criminal history points; (2) sentencing her consecutive to any previously imposed state or federal sentence; (3) failing to apply a mitigating role adjustment; and (4) ordering that her sentence run consecutive to her supervised release sentence. [R. 1019 at 11–14.] Judge Stinnett noted that despite Ms. Owens's "attempt to couch" these arguments as ineffective assistance claims in her Reply, all of these arguments "fall under a collateral attack of her sentence," which she waived in paragraph eight of her plea agreement. *Id.* at 12. Judge Stinnett pointed to a fairly lengthy portion of the rearraignment transcript in which Judge Ingram thoroughly explained paragraph eight of Ms. Owens's plea agreement and Ms. Owens confirmed that she understood the rights she was giving up. *Id.* at 12–14 (citing [R.

8

798]). "[T]he representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judgment accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977). Judge Stinnett found that Ms. Owens's arguments were conclusory and that Ms. Owens "knowingly, intelligently, and voluntarily waived her right to collaterally attack her sentence."[3] [R. 1019 at 14.]

Finally, Judge Stinnett determined that reasonable jurists would not debate the denial of Ms. Owens's § 2255 motion or conclude that the issue warrant further review. *Id.* at 15. Because of this, Judge Stinnett recommended that a certificate of appealability be denied as to all of Ms. Owens's claims. *Id.*

**B**

Under Federal Rule of Civil Procedure 72(b)(2), a petitioner has fourteen days after service to register any objections to the Recommended Disposition or else waive her rights to appeal. In order to receive de novo review by this Court, any objection to the recommended disposition must be specific. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). A specific objection must "explain and cite specific portions of the report which [defendant] deem[s] problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) (internal quotations and citations omitted). A general objection that fails to identify specific factual or legal issues from the recommendation, however, is not permitted, since it duplicates the Magistrate's efforts and

---

[3] The Court also notes that three of Ms. Owens's claims, that the Court erred in calculating her criminal history points by including expunged convictions, that the Court erred by counting sentences as separate instead of together, and that Ms. Owens was entitled to a mitigating role adjustment, are procedurally barred because Ms. Owens already raised them on direct appeal. The Sixth Circuit considered and rejected these arguments in *United States v. Sturgill*, 761 F. App'x 578 (6th Cir. 2019). "A § 2255 motion may not be used to relitigate an issue that was raised on appeal absent highly exceptional circumstances." *DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996). Ms. Owens does not argue, and the Court does not find, that such exceptional circumstances are present here.

9

wastes judicial economy. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

After receiving Judge Stinnett's Recommended Disposition on November 17, 2021, Ms. Owens timely filed a two-page objection.[4] [R. 1022.] The Court acknowledges its duty to review Ms. Owens's filings under a more lenient standard than the one applied to attorneys because Ms. Owens is proceeding *pro se*. *See Franklin v. Rose*, 765 F.2d 82, 84–85 (6th Cir. 1985). Ms. Owens stated that while she respected Judge Stinnett's decision to deny her § 2255 motion, she "wish[ed] to move for an appeal to challenge this decision." *Id.* Ms. Owens expressed concern that Judge Stinnett failed to address her "conflict of interest concern" with her trial attorney, and Ms. Owens also expressed puzzlement about how she waived certain appeal rights and not others. *Id.* at 1–2. Ms. Owens argues that she believes denial of a certificate of appealability would be "very unconstitutional" because she "was not provided adequate counsel" and if she had been, her outcome "would have been more favorable." *Id.* at 2.

Ms. Owens's general statement that she desires to appeal her decision "fails to identify specific factual or legal issues from the recommendation." *See Howard*, 932 F.2d at 509. Ms. Owens's conclusory statements about how adequate counsel would have led to a more favorable outcome are also too general to merit de novo review of any specific portion of Ms. Owens's motion. *Id.* Furthermore, "[t]he Court is not obligated to review the portions of the report to which no objection was made." *Garrison v. Equifax Info. Servs.,* LLC, 2012 WL 1278044, at *1 (E.D. Mich. Apr. 16, 2012) (citing *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985)).

---

[4] Ms. Owens states that she received Judge Stinnett's Recommended Disposition on November 17 and put her objections in the prison mailbox on November 26, though the envelop is postmarked December 1. [R. 1022 at 2; R. 1022-1.] Under either date, however, Ms. Owens filed her objections within the requisite fourteen-day period.

However, some of Ms. Owens's objections are sufficiently definite to trigger the Court's obligation to conduct a de novo review, and the Court will review those specific objections. *See* 28 U.S.C. § 636(b)(1)(C). The Court has satisfied its duty, reviewing the entire record, including the pleadings, the parties' arguments, relevant case law and statutory authority, as well as applicable procedural rules.

1

Ms. Owens states that her argument as to the "conflict of interest concern" with her trial attorney was never addressed. [R. 1022 at 1.] However, a review of record reveals that Ms. Owens did not introduce a conflict of interest argument until her reply brief in response to the United States' response to her § 2255 motion. [R. 970 at 1.] She argues that "counsel may have had an undue, unfair, bias prejudice towards" her because he had previously represented her boyfriend, who was also the leader of the conspiracy for which she was also indicted. *Id.*

First, the Court finds that Ms. Owens's argument is conclusory, as she merely states that because her attorney represented her former boyfriend, he *may* be prejudiced against her. Furthermore, "[b]ecause [Ms. Owens] did not raise the issue…in [her] section 2255 motion, it is deemed waived." *United States v. Castleberry*, 2020 WL 7753721, at *10 (N.D. Fla. Nov. 18, 2020) (collecting cases); *see also Laughlin v. United States*, 2020 WL 9423256 at *2 (6th Cir. Oct. 28, 2020) (finding a claim raised "for the first time in a reply to a response before the district court" was forfeited); *Ryan v. Hazel Park*, 279 F. App'x 335, 339 (6th Cir. 2008) ("Generally, this Court has fond that an issue raised for the first time in a reply to a response brief in the district court is waived."). Accordingly, the Court will overrule the objection that Judge Stinnett failed to address her conflict of interest concern.

**2**

Ms. Owens next expresses confusion about "how [she] waived the right to appeal the guilty plea but retained the right to appeal [her] sentence." [R. 1022 at 1.]  However, as Judge Stinnett stated, the plea agreement, which Ms. Owens stated she had read and understood [R. 798 at 28], provided that Ms. Owens was waiving the right to collaterally attack her guilty plea, conviction, and sentence in paragraph eight of her plea agreement.  [R. 1019 at 12 (citing [R. 543]).  "It is well settled that a defendant in a criminal case may waive 'any right, even a constitutional right,' by means of a plea agreement. The sine qua non of a valid waiver is that the defendant enter into the agreement knowingly and voluntarily." *United States v. Fleming*, 239 F.3d 761, 763–64 (6th Cir. 2001) (internal citations omitted).  Although Ms. Owens argues in her objections that if she had known what she was waiving she would not have done so [R. 1022 at 2], Judge Ingram thoroughly detailed what rights Ms. Owens was retaining and what rights she was giving up during the rearraignment:

> THE COURT:  Look with me next then, please, ma'am, at paragraph number 8 of your plea agreement.  It says in the beginning the defendant waives the right to appeal the guilty plea and conviction.  That's talking about your right of direct appeal.  That's a right that you have to file an appeal with the Court of Appeals in Cincinnati to challenge decisions made by this Court and claim that they were made in error.  Do you understand that right?
>
> DEFENDANT OWENS:  Yes.
>
> THE COURT:  It's an important right that you have, ma'am, but it can be waived, and if it's waived in a knowing, voluntary, and intelligent fashion, the waiver will be enforced.  Do you understand that?
>
> DEFENDANT OWENS:  Yes.
>
> THE COURT:  You're giving up your right to appeal your guilty plea and conviction.  You're not going to be able to challenge those on appeal.  Do you understand that, ma'am?
>
> DEFENDANT OWENS:  Yes.

THE COURT: You're keeping though your right to appeal the sentence. You will be able to attack that on appeal. Do you understand that?

DEFENDANT OWENS: Yes.

THE COURT: Now, the next sentence says with exception of ineffective assistance of counsel the defendant waives the right to collaterally attack the guilty plea, conviction, and sentence, including any order of restitution. Now, that's talking about a different right that you have, your right of collateral attack. That's an indirect way to challenge a judgment or a sentence of a Court based on some perceived fundamental or constitutional defect in the proceedings. That's not filed at the Court of Appeals. It's filed here as a separate lawsuit. Do you understand that right?

DEFENDANT OWENS: I'm sorry, could you say that one more time?

THE COURT: Yeah, sure. Okay. So here's how it works. I've already covered with you the right of appeal.

DEFENDANT OWENS: Yes.

THE COURT: That -- that happens right after this case and this Court is over.

DEFENDANT OWENS: Okay.

THE COURT: If you don't like what happens here, you file a notice of appeal, and you go to the Court of Appeals in Cincinnati, and three judges would review the issue that you raise. Okay?

DEFENDANT OWENS: Yes.

THE COURT: And, you know, there's lots of procedural requirements, but in general you can question any decision that this Court makes. Now, a collateral attack is different than that. It started in this court. You file it here. In this case you would file what's called a petition under 28 USC Section 2255. It's a habeas petition. Have you heard of that?

DEFENDANT OWENS: What the ineffective assistance of counsel?

THE COURT: I'll explain that in a moment. But, yeah, habeas means that you think there's something unlawful about being imprisoned. Okay?

DEFENDANT OWENS: Oh, okay.

THE COURT: And what you can raise in a challenge like that is a claim that there was something fundamentally unfair about the process that this Court used. Does that make sense to you?

DEFENDANT OWENS: Yes, it does.

THE COURT: Or you can raise a constitutional defect. For instance, that your due process rights were violated. Do you understand that as well?

DEFENDANT OWENS: Yes, I do. Thank you.

THE COURT: That's just an example.

DEFENDANT OWENS: Yeah.

THE COURT: And you don't file that at a Court of Appeals. You file it here. There's strict time limits when it has to be applied. There's strict procedures that have to be followed, but it's available to all federal prisoners subject to those requirements. So you have that right, but it can also be waived. Do you understand it?

DEFENDANT OWENS: Yes, sir.

THE COURT: Now, in your plea agreement you're keeping the right to make a collateral attack based on a claim of ineffective assistance of counsel. So what that means is you can claim that your right to effective assistance of counsel under the Constitution, Sixth Amendment, was violated. In other words, that Mr. Croley did not act as the lawyer you're entitled to under the Constitution. Now, I don't have any reason to think that happened. I'm not suggesting that it did. I'm just telling you, you have that right. Do you understand that?

DEFENDANT OWENS: Yes, sir.

THE COURT: All right. But other than that you're waiving all of your collateral attack rights concerning your guilty plea, conviction, sentence, and any order of restitution. Do you understand that?

DEFENDANT OWENS: Yes.

THE COURT: You won't be able to challenge those on collateral attack, except as a part of a claim of ineffective assistance of counsel. Is that clear?

DEFENDANT OWENS: Yes.

[R. 798 at 49–54.] As this portion of the rearraignment transcript makes clear, Judge Ingram detailed the precise appeal rights Ms. Owens was retaining and the ones she was giving up, and he ensured that Ms. Owens understood before accepting her plea. Here, Ms. Owens's representation that she understood the appeal rights she was both retaining and giving up "constitute[s] a formidable barrier in any subsequent collateral proceedings." *Blackledge*, 431 U.S. at 73–74. Therefore, the Court finds that Ms. Owens's objection is without merit.

### 3

Finally, Ms. Owens argues that denying her a certificate of appealability "would be very unconstitutional since [s]he was not provided adequate counsel to fight [her] case." [R. 1022 at 2.] This objection will be overruled. As Judge Stinnett explained, a certificate of appealability may issue only where the movant has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). It is the reviewing court's role to indicate what specific issues satisfy the "substantial showing" requirement. 28 U.S.C. §2253(c)(3); *Bradley v. Birkett*, 156 F. App'x 771, 774 (6th Cir. 2005). When a district court is denying a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

15

Here, Ms. Owens fails to explain how the denial of a certificate in her case would be unconstitutional. In fact, she does not even attempt to argue that reasonable jurists would find the dismissal of her § 2255 claim to be debatable or incorrect. Ms. Owens's primary argument is that denying her certificate of appealability would be unconstitutional because she was not provided adequate counsel, and if she had been, she believes her outcome would have been more favorable. [R. 1022 at 2.] This conclusory argument fails to satisfy the requisite test, and reasonable jurists would not debate the denial of Ms. Owens's § 2255 motion. *Slack*, 529 U.S. at 484. Ultimately, the Court finds that Judge Stinnett "provided sufficient discussion as to the basis for the denial of a certificate of appealability" and will overrule Ms. Owens's objection. *Maddox v. Noe*, 2020 WL 7323872, at *1 (S.D. Ala. Dec. 11, 2020); *see also Evans v. Smith*, 2018 WL 551481, at *3 (E.D. Ky. Jan. 25, 2018) (overruling objection where petitioner reverts to argument that he was denied a constitutional right and does not address whether "jurists of reason" could find the magistrate judge's recommendation debatable or incorrect).

### III

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. Judge Stinnett's Recommended Disposition **[R. 1019]** is **ADOPTED** as and for the Opinion of the Court;

2. Ms. Owens's motion to vacate her sentence under § 2255 **[R. 919]** is **DENIED WITH PREJUDICE**;

3. A Certificate of Appealability is **DENIED** as to all issues raised by Ms. Owens;

4. **JUDGMENT** in favor of the United States shall be entered contemporaneously herewith; and

5. Ms. Owens's collateral proceeding is **DISMISSED AND STRICKEN** from the Court's active docket.

This the 16th day of June, 2022.

Gregory F. Van Tatenhove
United States District Judge